# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

PEREZ AGAUILAR PEDRO ALEJANDRO,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-00833-RFB-NJK

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Perez Agauilar Pedro Alejandro's First Amended Petition for Writ of Habeas Corpus, which he filed pursuant to 28 U.S.C. § 2241. See generally ECF No. 8 [hereinafter, "Petition"]. Through it, he challenges the lawfulness of his ongoing detention at the Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). Specifically, Respondents are detaining Petitioner without providing an opportunity for release on bond, as they assert that he is subject to 8 U.S.C. § 1225(b)(2)(A). See ECF No. 10 at 1–2 [hereinafter, "Opposition"]. Petitioner argues that his detention violates: (i.) the Immigration and Nationality Act ("INA") and (ii.) the Fifth Amendment's Due Process Clause. See Petition at 7–17.

Respondents invoke their novel statutory interpretation of § 1225(b)(2)(A) to justify Petitioner's detention. See generally Opposition. This Court is well acquainted with Respondents' interpretation of the INA, as the Court has repeatedly rejected it as unlawful. See, e.g., Jacobo Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *34–35 (D. Nev. Mar. 30, 2026) (collecting cases). In fact, the Court recently granted relief on this precise issue in a related class-action, which is inextricably intertwined with this case. Specifically, the Court: (i.) declared that Respondents' interpretation is wrong; (ii.) declared that members of the Jacobo

Ramirez Class are entitled to a bond hearing under 8 U.S.C. § 1226(a); and (iii.) vacated Respondents' related policies—namely, the Board of Immigration Appeals's decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). See Jacobo Ramirez, 2026 WL 879799, at *33–34. As discussed below, the Court finds that Petitioner is a member of the Jacobo Ramirez Class. Therefore, his ongoing detention without opportunity for release on bond is statutorily unlawful, and has constitutional consequences that, because Respondents are continuing to detain Petitioner after an immigration judge ("IJ") has found he does not present a danger or flight risk, demand release accordingly. Thus, the Court grants Petitioner a writ of habeas corpus and orders Respondents to immediately release him from custody, subject to the conditions set forth by the IJ.

## I.   CLASS MEMBERSHIP

From the outset, the Court finds that Petitioner is a member of the Jacobo Ramirez Class. This certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

Id. at *4 (citation omitted). Based on the Parties' undisputed factual allegations, and the evidence they supply, the Court finds that Petitioner satisfies these criteria. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (describing the factfinding process in habeas corpus proceedings). First, Petitioner is an undocumented noncitizen who is actively being detained by ICE. See Petition at 4. Second, he is in removal proceedings before the Las Vegas Immigration Court, which sits in the United States District of Nevada. See ECF No. 8-2 (IJ Bond Order). Third, DHS alleges that Petitioner entered the United States without inspection, admission, or parole. See ECF No. 10-1 at 3–4 (Form I-213). Fourth, Respondents are detaining him pursuant to § 1225(b)(2)(A); in other words, the government is not asserting that Petitioner is subject to detention under §§ 1226(c),

1225(b)(1), or 1231. See generally Opposition. Fifth, Petitioner was arrested well within our country's interior, long after he entered the United States. See ECF No. 13-1 at 3–4 (I-213). In sum, Petitioner clearly falls within the Jacobo Ramirez Class, and he is entitled to the relief afforded to the Class by this Court. Cf. Navarro v. Mukasey, 518 F.3d 729, 737 (9th Cir. 2008) ("They are, accordingly, class members eligible for relief.").

Therefore, Petitioner's ongoing detention is unlawful, as the government is improperly subjecting him to mandatory detention under § 1225(b)(2)(A), even though he is entitled to a proper bond hearing pursuant to § 1226(a) and according opportunity for release on bond. See Jacobo Ramirez, 2026 WL 879799, at *33–34.

## II.    DUE PROCESS

The Court also finds that Petitioner's detention violates the Due Process Clause of the Fifth Amendment. The Court has previously clarified that similarly situated noncitizens are entitled to due process under the Constitution. See, e.g., Escobar Salgado v. Mattos, 809 F. Supp. 3d. 1123, 1158–60 (D. Nev. 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d. ---, 2025 WL 3270137, at *8–9 (D. Nev. Nov. 24, 2025). The Court incorporates these holdings, and their underlying reasoning, by reference, and it applies them to the facts of this case. The Court now turns to Petitioner's due process claims.

### A.  *Procedural Due Process*

To determine whether detention violates procedural due process, courts apply the three-part balancing test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1203–1207 (9th Cir. 2022) (collecting cases and clarifying that the Mathews test is appropriate in the context of immigration detention). Specifically, courts weigh the following three factors: (1.) "the private interest that will be affected by the official action"; (2.) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3.) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement[s] would entail." Mathews, 424 U.S. at

335 (citation omitted).

On balance, these factors weigh heavily in favor of Petitioner because: (1.) Respondents are depriving Petitioner of his fundamental liberty interest in being free from incarceration; (2.) the risk of an erroneous deprivation of liberty is extraordinarily high where immigration officials have the sole, unguided, and unreviewable discretion to detain Petitioner; and (3.) Respondents' interest in enforcing immigration law is served by a proper bond hearing, whereafter release on bond may occur when found appropriate by the IJ, and which Petitioner is entitled to under the INA. Cf. Escobar Salgado, 809 F. Supp. 3d. at 1160–62 (elaborating on this same analysis and reaching these same conclusions).

**B. *Substantive Due Process***

Outside of the criminal context, government detention violates the substantive component of the due process clause "unless the detention is ordered . . . in certain special and narrow nonpunitive circumstances, . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citations and quotation marks omitted). To date, Respondents have not asserted an individualized justification—let alone a special or compelling justification—for depriving Petitioner of his freedom, particularly after an IJ has found release on bond would be appropriate in Petitioner's individual circumstances. Accordingly, the Court further finds that Petitioner's prolonged detention, which is poised to last for an untold period of time, also violates his right to substantive due process. Cf. Escobar Salgado, 809 F. Supp. 3d. at 1162 (elaborating on this same analysis and reaching the same conclusion).

For the foregoing reasons, the Court has little difficulty concluding that Petitioner's detention violates his right to procedural and substantive due process and is, therefore, unconstitutional.

**III. REMEDY**

Based on the record before it, the Court finds that Petitioner is subject to an intolerable risk of arbitrary, erroneous, and prolonged detention. Therefore, the Court finds that it must adopt

equitable remedies to ensure that Respondents abide by due process moving forward. Cf. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Consistent with its broad equitable authority to fashion a habeas remedy for unlawful detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty that Petitioner has suffered and continues to suffer due to Respondents' unlawful detention policies, after an IJ has already found Petitioner does not present a danger to the community or flight risk, Respondents must **immediately release** Petitioner, subject to the bond conditions originally imposed by the IJ in the alternative.[1] See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing, **IT IS HEREBY ORDERED** the Petition for Writ of Habeas Corpus (ECF No. 8) is **GRANTED**.

Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from custody but by no later than **12:00 p.m. on April 17, 2026**. Petitioner shall be subject to the bond and other conditions imposed by the IJ. Respondents are **PROHIBITED** from imposing additional release conditions, beyond that already stated by the IJ, that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERED** that Petitioner be afforded until **May 17, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found that the regulatory automatic stay is facially unconstitutional and adopts that finding here. See generally Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

---

[1] "[B]ond in the amount of $1,500[.]" ECF No. 8-2 (IJ Bond Order).

from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER** ORDERED that the parties shall file a joint notice of compliance with this Order by **April 21, 2026.**

Finally, pursuant to Federal Rule of Civil Procedure 25(d), **IT IS FURTHER ORDERED** that the current Secretary of Homeland Security—Markwayne Mullin—is **SUBSTITUTED** for Respondent Kristi Noem. The Clerk of Court is kindly instructed to update the docket accordingly.

Further, Petitioner's given name is Pedro Alejandro Perez Aguilar. The docket incorrectly lists his name as "Perez Agauilar Pedro Alejandro." Records from the Executive Officer for Immigration Review (EOIR) verify that his correct name is Pedro Alejandro Perez Aguilar. Accordingly, the Court respectfully instructs the Clerk of Court to update the docket with his correct name.

Finally, the Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to 28 U.S.C. § 2412. Petitioner may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** April 16, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**